**DENIED; and Opinion Filed April 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00396-CV

## IN RE JAMES DAVID HORTON, AND ROBBIE LESA HORTON, Relators

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-11551**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Schenck
Opinion by Justice Stoddart

Relators filed this original proceeding requesting that the Court order the trial court to vacate its orders dismissing certain claims in the case pursuant to chapter 27 of the Texas Civil Practice and Remedies Code and ordering venue of the case transferred to Ellis County, Texas. Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator has not met those requirements.

The Supreme Court has explained the burden imposed upon a plaintiff in supporting the plaintiff's choice of venue:

> A plaintiff's choice of venue stands unless challenged by proper motion to transfer venue. Once challenged, the plaintiff has the burden to present prima facie proof by affidavit or other appropriate evidence that venue is maintainable in the county of suit. The plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. However, if the plaintiff fails to

discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county.

*In re Missouri Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999). The mandamus record demonstrates relators failed to present prima facie proof to the trial court that they resided in Dallas County at the time the cause of action accrued or at the time they filed suit or that Dallas County is the residence of any of the defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017 (West 2002). The mandamus record further demonstrates that real parties in interest did come forward in the trial court with prima facie proof that mandatory venue lies in Ellis County. With regard to the trial court's determination that it could properly rule on the chapter 27 dismissal motions before ruling on the motion to transfer venue, relators have an adequate legal remedy by appeal.

We **DENY** the petition.

/Craig Stoddart/
CRAIG STODDART
150396F.P05                                    JUSTICE